UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:   16-22790-CIV-GAYLES

ALEYMER IZQUIDERO, on behalf of
himself and all employees similarly
situated,

       Plaintiff,

vs.

SOLAR BEAR SERVICES, INC.,

       Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiffs' Motion to Authorize Notice to

Potential Class Members (the "Motion") [D.E. 30].  The Court has considered the Motion and

the record, and is otherwise fully advised. For the reasons set forth below, the Motion is granted

in part.

## I.     BACKGROUND

Plaintiff Aleymer Izquierdo ("Plaintiff") brought this action against Defendant Solar Bear

Services, Inc. ("Defendant") for failure to compensate him and similarly situated employees

overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

("FLSA"). Plaintiff alleges that (1) Defendant employed him as an air conditioning technician,

(2) he regularly worked over 40 hours per week, and (3) he was paid on a piece rate basis,

receiving a specific amount of money from the company per installation as opposed to the

number of hours worked.   On November 14, 2016, Plaintiff filed the Motion seeking to certify a

class consisting of "[a]ll current and former Solar Bear Air Conditioning Installers and

Installation Helpers who worked at the company's Miami, Florida locations: 2013 NW 84th Avenue, Doral, Florida 33122 or 10125 NW 116th Way, Suite 10, Medley, Florida 33178 for any length of time since June 28, 2013." [ECF No. 30-2].  In support, Plaintiff relies on multiple notices of consent to join and declarations. [ECF Nos. 6, 23, 24, 27, 28, 29, 30-3]. Defendant opposes the Motion, asserting Plaintiff has not met his burden of proof in order for the Court to certify the class.

## II.    DISCUSSION

### A.  Legal Standard for Conditional Class Certification.

The FLSA permits a plaintiff to bring a collective action on behalf of himself and other similarly situated employees. *See* 29 U.S.C. § 216(b). The purposes of § 216(b) collective actions are "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264-65 (11th Cir. 2008) (citing *Hoffman-La Rouche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). A class action brought under the FLSA, unlike a class action pursuant under Rule 23 of the Federal Rules of Civil Procedure, includes only those plaintiffs who affirmatively opt-in to the action by filing their consent in writing to the court in which the action is brought. *See* 29 U.S.C. § 216(b); *see also De Leon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214 (11th Cir. 2007). The decision to certify the action does not create a class of plaintiffs.  Rather, the existence of a collective action under § 216(b) depends on the active participation of other plaintiffs. *See Albritton v. Cagle's*, 508 F.3d 1012, 1017 (11th Cir. 2007). The benefits of a collective action "depend on employees receiving accurate and timely notice… so that they can make informed decisions about whether to participate." *Id.*

(citing *Sperling*, 493 U.S. at 170). It is solely within the Court's discretion to grant conditional certification. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

The Eleventh Circuit has sanctioned a two-stage approach to manage § 216(b) actions. *Morgan*, 551 F.3d at 1260. The first stage is commonly called the "notice stage" or "conditional certification." *Hipp*, 252 F.3d at 1214. If the Court approves conditional certification, putative class members receive notice of the action and the opportunity to opt-in. *Id.* Regarding this first stage the Eleventh Circuit stated,

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members. Because the court has minimal evidence, *this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.*

*Id.* (emphasis added). The second stage occurs if the Defendant moves to decertify the class, typically near the end or close of discovery. *Morgan*, 551 F.3d at 1261. At this stage of the litigation, the Court can make a more informed decision. *Id.* As a result, this stage is "less lenient, and the Plaintiff bears a heavier burden." *Id.* (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2008).

To grant conditional certification, the Court must find that there are other employees who (1) desire to opt-in to the action, and who (2) are "similarly situated" with regard to their job requirements and pay provisions. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *see also Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1282-83 (S.D. Fla. 2012). A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees who wish to opt-in. *Morgan*, 551 F.3d at 1260. "If the plaintiff does not satisfy his burden, the Court should decline certification of a collective

action to 'avoid the "stirring up" of litigation through unwarranted solicitation.'" *Bedoya v. Aventura Limousine & Transportation Service, Inc.*, Case No. 11-CIV-24432, 2012 WL 1933553 at *5 (S.D. Fla. Apr. 10, 2012) (citing *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002)).

### B.  Opt-In Employees.

Plaintiff's burden to show that there are other "potential opt-ins is not onerous." *Rojas v. Garda CL Southeast, Inc.*, No. 13-CV-23173, 2013 WL 6834657, at *9 (S.D. Fla. Dec. 23, 2013). "[T]he existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'" *Bennett*, 880 F. Supp. at 1283 (quoting *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D. Fla May 17, 2006)) (holding evidence that at least one other employee desires to opt-in is the "minimum quantum of evidence" necessary to raise plaintiff's claim beyond one of pure speculation). Courts have conditionally certified classes with as few as two affidavits from potential plaintiffs.  *See Wynder v. Applied Card Sys., Inc.*, No 09-80004, 2009 WL 3255585, at *3 (S.D. Fla. Oct. 7, 2009). However, there must be more than "counsel's unsupported assertions that FLSA violations [are] widespread and that the additional plaintiffs would come" forward. *Morgan*, 551 F.3d at 1260-61 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)).

In support of certification, Plaintiff filed eleven notices of consent to join. [ECF No. 6, 23, 24, 27, 28, 29, 30-3]. This is more than sufficient to find that there are other employees who wish to join the action.  *Bennett,* 880 F. Supp. 2d at 1283.

### C.  Other Similarly Situated Employees.

The FLSA does not define "similarly situated" nor has the Eleventh Circuit adopted a precise definition. *Morgan*, 551 F.3d at 1259. Case law suggests that district courts may look to

whether employees are "similarly situated" with respect to their job requirements and pay provisions." *Daybach*, 942 F.2d at 1567-68. The Eleventh Circuit has emphasized, however, that courts must analyze whether employees are *similarly* situated and "not whether their positions are identical." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Courts frequently look to the following five factors to conduct this analysis:

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; [and] (5) the extent to which the actions which constitute the violations claimed by the plaintiffs are similar.

*Smith v. Tradesmen Intern, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (citing *Stone v. First Union Corp.*, 203 F.R.D. 532 (S.D. Fla. 2001)). While these factors are not necessarily determinative of status as similarly situated employees, and no one factor is dispositive, *Reyes v. Carnival Corp.*, No. 04-21861, 2005 WL 4891058, at *7 (S.D. Fla. 2005), they are "insightful and helpful," *Meggs v. Condotte Am. Inc.*, 2012 WL 3562031, at *3 n.5.

Courts routinely conditionally certify a class where the plaintiff has filed affidavits and/or notices of consent to join that demonstrate how the named plaintiff and the putative class members are similarly situated. *See Joseph v. Family Preservation Servs. of Florida, Inc.*, No. 10–81206–CIV., 2011 WL 1790167 (S.D. Fla. 2011) (holding that the plaintiffs and the putative class members were similarly situated where all seven affidavits filed alleged that the employees had the same responsibilities and duties as the plaintiffs, they were all paid a salary, and routinely worked over 40 hours a week).

In this action, Plaintiff presents 10 declarations demonstrating how Plaintiff and the opt-in plaintiffs are similarly situated.[1]   All of the opt-in Plaintiffs worked as air conditioning installers or helpers, they all were paid piece meal for their projects, and none of them were paid overtime compensation.  The Court finds Plaintiff has more than satisfied his light burden that there are similarly situated employees that would opt-in to this action.

Defendant asserts that the Court should not conditionally certify this case as a collective action because the Wage and Hour Division of the U.S. Department of Labor ("DOL") has already investigated Defendant's wage and hour practices, and has reached a settlement agreement with Defendant has it relates to the back wages owed to members of the putative class.  The Court disagrees.  The employees' claims under the FLSA involve different damages, including liquidated damages, than the back wages accounted for in the DOL Settlement. Accordingly, the DOL Settlement should not prevent notification to potential class members.[2]

### D.  Notice

The Court finds that the Revised Proposed Notice, addressing many of Defendant's concerns, is appropriate.  [ECF No. 34-1].   Plaintiff shall, however, file an amended consent form which contains an area where the opt-ins must write in their position at the company, the location where they worked, and their start and end dates, in compliance with *Rojas*, 2013 WL 6834657, at *18, and *Bell v. Mynt Entertainment LLC*, 223 F.R.D. 680 (S.D. Fla. 2004). This ensures that only those who "truly meet the class definition join the action." *Rojas*, 2013 WL 6834657, at *18.

---

[1]     Defendant argues that some of the declarations have been translated and that these translations are not authenticated.   The Court need not address this issue because, even without the translated declarations, there would still be 6 declarations that were not translated to support Plaintiff's motion.  These six declarations are more than enough for Plaintiff to meet his light burden.

[2]     The Court can address whether the DOL Settlement mitigates any of the Plaintiffs' damages either on a motion for summary judgment or after trial.

### III.   CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Authorize Notice to Potential

Class Members is GRANTED in PART as follows:

1.  Plaintiffs' request for conditional class certification for "[a]ll current and former Solar
    Bear Air Conditioning Installers and Installation Helpers who worked at the
    company's Miami, Florida locations: 2013 NW 84th Avenue, Doral, Florida 33122 or
    10125 NW 116th Way, Suite 10, Medley, Florida 33178 for any length of time since
    June 28, 2013" is GRANTED;

2.  Plaintiffs' revised proposed notice [ECF No. 34-1] is approved;

3.  Within 5 days of the date of this Order, Plaintiffs shall file a proposed amended
    consent form; and

4.  Within 15 days of the date of this Order, Defendant shall provide the names, last
    known address and telephone numbers of its air conditioning installers and
    installation helpers who worked for it since June 28, 2013.  Defendant is not required
    to provide the dates of birth of the employees nor is Defendant required to provide
    this information in the form of an excel spreadsheet.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of February,
2017.

 

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE